**Nanser SILABAN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–74925.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Sept. 28, 2010.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Cindy S. Chang, Esq., Law Offices of Cindy S. Chang, Walnut, CA, for Petitioner.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Nanser Silaban, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and we review de novo the agency's legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir.2009). We grant the petition for review and remand.

Substantial evidence supports the BIA's determination that Silaban did not suffer past persecution because the incidents he suffered in Indonesia, including threats, discrimination, and minor physical harm, did not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1181–82 (9th Cir.2003).

The BIA concluded that Silaban could not demonstrate a clear probability

of future persecution in part because his remaining family members continued to practice their Christian religion without difficulty. This finding is not supported by substantial evidence, because as a religious leader who received individualized threats, Silaban was not similarly situated to his remaining family members. *See Lim v. INS*, 224 F.3d 929, 935 (9th Cir. 2000). The BIA also concluded that as an Indonesian Christian, Silaban was not a member of a disfavored group. In light of our recent intervening decision in *Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir. 2010), we remand for the BIA to assess Silaban's withholding of removal claim under the disfavored group analysis in the first instance. *See Wakkary*, 558 F.3d at 1067, *see also INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).